IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARTA M. FIGUEROA, Regional Director for Region 24 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD

Petitioner

vs

METRO MAYAüEZ, INC. d/b/a HOSPITAL PAVIA PEREA

Defendant

CIVIL 07-1575CCC

# O R D E R

The action before us, a Petition for Temporary Injunctive Relief Pursuant to §10(j) of the National Labor Relations Act, (the Act) is before us on a Motion to Dismiss for Lack of In Personam Jurisdiction filed by respondant Metro Mayagüez, Inc. d/b/a Hospital Pavía Perea (Metro) (**docket entry 9**). Metro alleges that, because it was served with process by Ms. Pierina Morales, a Field Examiner for petitioner National Labor Relations Board (Board), and therefore an "interested party," said service was ineffective. Petitioner opposed the motion, (docket entry 11) admitting the service by its employee. It avers, however, that Metro was not prejudiced in any way.

The Board first argues that §10(j) of the Act, 29 U.S.C. §160(j)gives this court jurisdiction over the parties. Petitioner is incorrect. 29 U.S.C. §160(j) states, in pertinent part:

> The Board shall have the power, ... to petition any United States district court, ... for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper

(Emphasis ours) Petitioner is incorrect. Section 160(j) proceedings are ancillary to unfair labor practice proceedings. While §160(j) grants subject matter jurisdiction to the District

CIVIL 07-1575CCC                                            2

Court, it is after and by the "notice . . . served upon such person" after which the Board will have jurisdiction to grant the Board's requested relief.

Metro argues, with no legal source as support, at page 3 of its motion:

> A plaintiff's employees, attorneys and family members are all considered persons interested in the litigation, and any service of process effectuated by them is ineffective, insufficient and fails to grant jurisdiction to a Court.

At least in terms of the attorney, and his/her employees, this statement is incorrect. Service by plaintiff's attorney or his/her employees has been held proper. Jugolinija v. Blued Heaven Mills, Inc., 115 F.R.D. 13, 15 (S.D.Ga. 1986). See, also, Commodity Futures Trading Comm'n v. American Metal Exchange Corp., 693 F. Supp. 168, 186 (D. NJ 1988); Trustee of Local Union No. 727 Pension Fund v. Perfect Parking, Inc., 126 F.R.D. 48, 51-52, (N.D. Ill. 1986).  Petitioner, with little discussion, jumps to the conclusion that, because the action could not be filed until the Board approved the filing of such a petitioner, the petitioner was acting as the Board's attorney and Morales' service was akin to service by an employee of the lawyer. While the Board's attorney is one of its employee's, petitioner has provided no information and nor is it obvious that she can be considered an "employee" of counsel.

Strict adherence to Rule 4 summons specifications is not a requirement for jurisdiction over the party. Gottfried v. Frankel, 818 F.2d 485, 493 (6th Cir.1987).  It should also be noted that Rule 4 is a flexible rule which principally requires sufficient notice to the party of claims brought against it, and dismissal is not appropriate unless the party has been prejudiced. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).  In this case, Metro has admitted receiving service of process and complaint and has not suffered any prejudice for having been served by a person who may be, technically, an interested party. This technicality does not warrant dismissal of this suit.

CIVIL 07-1575CCC                                        3


      Accordingly, the Motion to Dismiss (**docket entry 9**) is DENIED.  Service of process on Metro is quashed, Petitioner shall serve process anew on Metro no later than January 8, 2008.

      SO ORDERED.

      At San Juan, Puerto Rico, on December 12, 2007.


                                    S/CARMEN CONSUELO CEREZO
                                    United States District Judge